IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EBONY HOWARD,

    Plaintiff,

v.

DATAPATH, INC.,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ebony Howard ("Plaintiff" or "Ms. Howard"), by and through undersigned counsel, and files her Complaint for Damages against Defendant DataPath, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages or other appropriate relief for gender discrimination and equal pay violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b); 29 U.S.C. §,626(c)(1) and 42 U.S.C. § 2000e-5(f)(3).

### 3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside withing the Northern District of Georgia, and all the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

### 4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

### 5.

Defendant is a domestic corporation licensed to conduct business in this district.

6.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District

7.

Defendant is now and, at all times relevant hereto, has been a company engaged in an industry affecting commerce. During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant is governed by and subject to the EPA, 29 U.S.C. § 206(d) and § 215(a)(3).

9.

Defendant may be served by delivering a copy of the summons and complaint to its corporate Registered Agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

## ADMINISTRATIVE PROCEDURES

### 10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about October 12, 2021.

### 11.

The EEOC issued the "Determination and Notice of Rights" on July 6, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

### 12.

This action is being commenced within 90 days of the receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

### 13.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII and the EPA.

### 14.

Defendant hired Ms. Howard on or about April 8, 2017, as a Logistician.

15.

Ms. Howard was assigned to work on the Global Tactical Advanced Communication Systems Satellite Communications SATCOM Support Services contract assigned to Defendant by the U.S. Army.

16.

On or about January 6, 2020, Defendant transferred Ms Howard to its headquarters in Duluth, GA into the role of Technical Support Services ("TSS") Program Coordinator.

17.

Shortly thereafter, Ms. Howard was promoted to the position of Program Manager.

18.

Despite her promotion, Defendant paid Ms. Howard less in compensation than her closest male comparator, who was a Program Coordinator.

19.

On April 23, 2021, Plaintiff was terminated from her employment and replaced by a male Program Manager, Anthony Rainge.

20.

The position held by Mr. Rainge, as Program Manager for the GTACS FSR Program, was eliminated with the loss of the contract on that program.

21.

Mr. Rainge was reassigned to be the Program Manager for the Salient I GCTC IV program, which was the program to which Ms. Howard was assigned.

22.

A true and accurate copy of an email from Vice President, Michael Underwood, announcing that Mr. Rainge would be the new Program Manager for Salient I GCTC IV program is attached hereto as Exhibit 1.

23.

The true reason for terminating Ms. Howard and replacing her with Mr. Rainge was her sex (or gender), female.

24.

The reasons Defendant articulate to the EEOC for Ms. Howard's termination were false and pretextual.

25.

Defendant falsely told the EEOC that Ms. Howard remained a Program Coordinator and claimed that the pay disparity was based on that position.

26.

Instead, Ms. Howard was a Program Manager and Defendant has failed to articulate a reason for the pay disparity and lack of increase after her promotion to this position.

27.

During Ms. Howard's employment, her job performance had never been called into question.  She had never received any type of warning or coaching that would suggest that Defendant had any concerns about her abilities to be successful in her role.

28.

Ms. Howard was treated less favorably than her male coworkers in that her male counterparts were paid more and were not terminated.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse actions, this reason is a pretext.

## **CLAIMS FOR RELIEF**

### **COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

30.

Plaintiff re-alleges paragraphs one through twenty-nine (1-29) as if set forth fully herein.

31.

Defendant's actions in failing to give Plaintiff a salary increase or pay her a comparable salary to her similarly situated male comparators constitutes unlawful discrimination on the basis of sex in violation of Title VII.

32.

Defendant's action in terminating Plaintiff instead of the male Program Manager whose position was actually eliminated was based on her sex (gender0 and constitutes unlawful discrimination on the basis of sex in violation of Title VII.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

35.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

36.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**COUNT II:  VIOLATION OF THE EQUAL PAY ACT**

37.

Plaintiff re-alleges paragraphs one through twenty-nine (1-29) as if set forth fully herein.

38.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than one or more male employees working in the same establishment who were performing

work that required substantially equal skill, effort and responsibility and performed under similar working conditions.

39.

Defendant's actions have thus deprived Plaintiff of equal pay for equal work in violation of the EPA.

40.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation of the EPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated

Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant from further unlawful conduct of the

type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 27th day of September, 2022.

BARRETT & FARAHANY

 s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
Catherine A. Gavrilidis
Georgia Bar No. 565343

*Attorney for Ebony Howard*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
catherine@justiceatwork.com